UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIRON WASHINGTON, JR.,

    Plaintiff,

v.                                         Case No. 24-cv-1381-bhl

CO RICHMOND,
CRPL DOBBS,
CRPL PUCHTER,
CO AGULAR,
DAVID ZOERNER,
S. BERAMIS,
SGT MAY,
SERGEANT DOE,
LT SCHROEDER,
CO WESTER, and
KENOSHA COUNTY,

    Defendants.

## SCREENING ORDER

    Plaintiff Tiron Washington, Jr., who is currently incarcerated at the Kenosha County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 19, 2024, Washington paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

According to Washington, on the night of May 27, 2023, he was "locking down in his cell" when another inmate entered his cell while CO Richmond watched. Washington asserts that the inmate began to attack him, at which time Richmond closed the gate to the cell, making it

2

impossible for either inmate to leave the cell. Washington asserts that other officers arrived later after the inmate stopped attacking him, but the cell gate remained closed. According to Washington, the other inmate spit in his face, at which time Washington yelled for Corporal Dobbs to open the gate and get the inmate out of his cell. Washington asserts that he was then escorted to segregation, where he stayed for two days while the incident was investigated. Washington states that he was released back to general population after it was determined he acted in self-defense. According to Washington, after the attack, his right arm around the elbow began to swell. A doctor allegedly determined that he has a nerve injury from his elbow to his fingers, which will result in lifelong symptoms, including excruciating pain and numbness in his fingers.

## THE COURT'S ANALYSIS

"Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution, and under section 1983 they may sue jail or prison staff who fail to protect them." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (citations omitted). A failure-to-protect claim brought by a pretrial detainee arises under the Fourteenth Amendment. *Id*. To state such a claim, a plaintiff must allege: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate the risk—even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Id*. Under this standard, Washington states a claim against Richmond based on allegations that he watched another inmate enter Washington's cell and then locked the two of them in the cell after the inmate began to attack Washington, making it impossible for him to

escape the attack or for officers to intervene in the attack.  Washington also states a state law claim for indemnification against Kenosha County under Wis. Stat. §895.46.  *See, e.g., Wilson v. City of Chicago*, 120 F.3d 681, 685-87 (7th Cir. 1997) (rejecting the position that a claim for indemnification is premature until a judgment is entered).

Washington does not, however, state a claim against the remaining individuals he sues because it is not clear what he believes they did or did not do to violate his rights.  According to Washington, the other officers arrived *after* the physical altercation had concluded.  Accordingly, by Washington's own allegations, he no longer faced a substantial risk of serious harm at the time they became involved.  And §1983 requires that an individual be personally involved in the alleged constitutional violation.  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).  Officers who arrived after the attack had concluded cannot be liable for Richmond's allegedly unreasonable actions that allowed the other inmate to attack Washington and limited Washington's ability to escape the attack.

**IT IS THEREFORE ORDERED** that Washington fails to state a claim against Crpl Dobbs, Crpl Puchter, CO Agular, David Zoerner, S. Beramis, Sgt. May, Sergeant Doe, Lt. Schroeder, and CO Wester, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon CO Richmond and Kenosha County pursuant to Federal Rule of Civil Procedure 4.  Washington is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. §1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision

4

for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that CO Richmond and Kenosha County shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Washington is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Washington may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6

Case 2:24-cv-01381-BHL   Filed 12/04/24   Page 6 of 6   Document 5